UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JUSTIN C. SALINAS, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | CAUSE NO. 3:15-CV-353 JM |
|  | ) |  |
| SUPERINTENDENT, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## OPINION and ORDER

Justin C. Salinas, a *pro se* prisoner, filed a habeas petition under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. (DE # 1.) In BTC-14-12-0366, a disciplinary hearing officer at the Branchville Correctional Facility ("Branchville"), found Salinas guilty of Class A offense ##111/113, Aiding in Trafficking and imposed a ninety (90) day deprivation of earned time credit, and a demotion of credit class. In making the determination of guilt, the hearing officer relied on the conduct report, Salinas' statement, and evidence of the phone call and phone list. (DE ## 4-6.)

Here, Salinas asserts that there was insufficient evidence to support a guilty finding. (DE # 1, p. 2.) In reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is any evidence in the record that could support the

conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). The court will overturn the hearing officer's decision only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1994). Additionally, a hearing officer is permitted to rely on circumstantial evidence to establish guilt. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992).

Salinas was found guilty of aiding in trafficking in violation of disciplinary rules 111/113. Class A offense #111 is defined as "[a]ttempting or conspiring or aiding and abetting with another to commit any Class A offense." (DE ## 9-6, Ex. G3.) Class A offense #113, prohibits trafficking with anyone who is not an offender residing in the same facility. (*Id.* at G4.) In this case, there is ample evidence to support the hearing officer's determination. The conduct report written by Internal Affairs Officer Randy Litherland provided:

> On December 12, 2014 at approx. 6:34 PM Offender Salinas #243617 made a call using the offender phone system to (812) 820-3051. During this call Salinas passed the phone to Offender Chilton #210248 so Chilton could talk to Kelsey Lizabey.
>
> Offender Salinas admitted to passing the phone to Chilton to use, on December 16, 2014, during his interview concerning a trafficking case involving Offender Chilton documented in BCF Case File 14-BTC-235. My case file will show proof Offender Chilton was conspiring to have contraband brought in a visit between Chilton and Kelsey Lizabey.

(DE # 4-1).

Salinas suggests that the evidence was insufficient because he did not make the call and then hand the phone over to Offender Chilton, as reported in the conduct

report. (DE # 1 at 2.) Instead, he claims that he only allowed Offender Chilton to use his phone account. At the hearing, Salinas commented:

> I guilty of letting someone use my phone account. I have no knowledge of him trying to traffick into here. I only let him one time.

(DE ## 4-6.)

The hearing officer was not required to credit Salinas' explanation. To be constitutionally adequate, the evidence need not point to only one logical conclusion; the question is solely whether there is some evidence to support the hearing officer's determination. *See Hill*, 472 U.S. at 457. Here, the conduct report alone constitutes some evidence that Salinas participated in Offender Chilton engage in trafficking. As such, the court cannot conclude that the hearing officer's determination was arbitrary or without evidentiary support. *See id.* (due process is satisfied as long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary"); *see also Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (witness statements constituted some evidence); *McPherson*, 188 F.3d at 786 (conduct report provided sufficient evidence to support disciplinary determination).

For the reasons set forth above, the petition (DE # 1) is **DENIED** and this case is dismissed.

**SO ORDERED.**

Date: November 1, 2016

s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT